**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

TRAVIS LANE HONAKER,

                Plaintiff,

v.                              CIVIL ACTION NO.   5:15-cv-03483

TOWN OF SOPHIA, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1), the *Motion to Dismiss All Claims Against Town Council of Sophia and Sophia Police Department* (Document 5), the *Memorandum of Law in Support of Motion to Dismiss All Claims Against Town Council of Sophia and Sophia Police Department* (Document 6), and the *Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss All Claims Against the Town Council of Sophia and Sophia Police Department* (Document 10).   Further, the Court has reviewed the Defendants' *Motion to Dismiss Certain Claims Against the Town of Sophia and Patrolman Z. Issa* (Document 8), the *Memorandum of Law in Support of Motion to Dismiss Certain Claims Against the Town of Sophia and Defendant Patrolman Z. Issa* (Document 9), the *Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Certain Claims Against the Town of Sophia and Defendant Patrolman Z. Issa* (Document 11), and the Defendants' *Reply in Support of Motion to Dismiss Certain Claims Against the Town of Sophia and Defendant Patrolman Z. Issa* (Document 14).

The Court has also reviewed the *Defendants' Objection to and Motion to Strike Plaintiff's Untimely Memorandum in Opposition to Motion to Dismiss all Claims Against the Town Council of Sophia and Sophia Police Department, or in the Alternative, Defendants' Reply in Support of Motion to Dismiss* (Document 12), and the *Plaintiff's Response to Defendant's Objection to and Motion to Strike Plaintiff's Untimely Memorandum in Opposition to Motion to Dismiss All Claims Against the Town Council of Sophia and Sophia Police Department, or in the Alternative, Defendants' Reply in Support of Motion to Dismiss* (Document 15).

For the reasons stated herein, the Court finds that the Plaintiff's untimely response should be stricken, that the motion to dismiss all claims against the Town Council of Sophia and the Sophia Police Department should be granted, and that the motion to dismiss certain claims against the town of Sophia and Patrolman Z. Issa should be granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Travis Lane Honaker, filed his *Complaint* (Document 1) on March 23, 2015. He names as Defendants the Town of Sophia, the Town Council of Sophia (Town Council), the Sophia Police Department (Police Department), and Patrolman Z. Issa, individually and in his capacity as a Sophia police officer.   Mr. Honaker alleges that Patrolman Issa "inflicted excessive corporal punishment" on him while he was handcuffed and under arrest on or about September 21, 2013.  (Compl., ¶ 6.)   He asserts that the Town Council of Sophia, the Town of Sophia, and the Sophia Police Department failed to properly train and supervise Patrolman Issa.   (*Id.*, ¶ 7.)

Mr. Honaker alleges that he asked to retrieve his wallet and car keys as Patrolman Issa was handcuffing him and placing him under arrest.  (*Id.*, ¶¶ 16–17.)   Patrolman Issa allegedly responded by striking Mr. Honaker, "causing him to fall to the ground."   (*Id.*, ¶ 17.)   Patrolman

2

Issa then kicked and stomped on him, causing injuries.   (*Id.*, ¶¶ 18–19.)   Mr. Honaker asserts that there was no justification for Patrolman Issa's actions.   Further, Mr. Honaker alleges that he "advised Defendant Patrolman Z. Issa that his girlfriend was going to rob him, but Defendant Patrolman Z. Issa allowed Plaintiff's girlfriend to remain at and leave the scene causing the theft of Plaintiff's personal property."   (*Id.*, ¶ 25.)   Mr. Honaker asserts that Patrolman Issa "wrongfully charged him with Obstructing a Police Officer and attempted to charge [him] with Disorderly Conduct" in order to cover up his use of excessive force.   (*Id.*, ¶ 27.)   He asserts that a magistrate judge found that there was not probable cause for a Disorderly Conduct charge, and that he was ultimately found not guilty of Obstructing an Officer after a bench trial.   (*Id.*, ¶¶29–30.)

Mr. Honaker's complaint presents six counts: (1) Tort of Outrage; (2) Excessive Battery; (3) Negligence; (4) Negligent/Reckless Infliction of Emotional Distress; (5) Negligent Supervision/Training (as to the Town of Sophia, Town Council, and Police Department); and (6) a 42 U.S.C.A. § 1983 claim.   He asserts that the Town of Sophia, Town Council, and Police Department are liable as to Counts One, Two, and Four under a theory of respondeat superior.   He seeks compensatory, general, and punitive damages up to the policy limits of the insurance coverage for the Town of Sophia and the Sophia Police Department, as well as prejudgment and post-judgment interest, costs and attorneys' fees, and any other relief found just and proper.

## MOTION TO STRIKE

Defendants Town Council of Sophia and Sophia Police Department filed a motion to dismiss all claims against them on April 21, 2015.   The Plaintiff did not respond until May 28, 2015, approximately three weeks late.   The Defendants moved to strike the Plaintiff's response as untimely, and the Court directed the Plaintiff to provide an explanation for the untimely

submission.   The Plaintiff noted that the deadline for motions pursuant to Federal Rules of Civil

Procedure 12(b)(6) was May 22, 2015, and, in fact, Defendants Town of Sophia and Patrolman Z.

Issa filed a separate, partial motion to dismiss on May 22, 2015.   He explained that "in filing his

responses to the Defendants' motions pursuant to FR Civ. P. 12(b)(6), the Plaintiff waited until the

close of the Defendants' deadline before submitting his responses to such motions," in order to

"file such responses together."   (Pl.'s Resp. to Mot. to Strike, at ¶¶5–6.)   The Plaintiff further

argues that the Court's consideration of his response would not prejudice the Defendants.

The Court finds that the *Plaintiff's Memorandum in Opposition to Defendants Motion to*

*Dismiss All Claims Against the Town Council of Sophia and Sophia Police Department*

(Document 10) should be stricken.   The Plaintiff's explanation makes clear that the untimeliness

was deliberate.   The Plaintiff (or his attorney) decided that it would make sense to wait until the

deadline for motions to dismiss in order to respond to all motions to dismiss at once, rather than

complying with the fourteen-day response deadline.[1]   Accepting the Plaintiff's untimely filing in

this case would permit parties to set their own deadlines according to their own logic and

convenience.   The Defendants' motion to strike will, therefore, be granted.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521

F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] The Court notes that the response deadline for the motion to dismiss by the Town Council and the Police Department had passed before the partial motion to dismiss was filed by the Town of Sophia and Patrolman Issa.

4

R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a

plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."   *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

## DISCUSSION

### A.   *Claims Against the Town Council of Sophia and the Sophia Police Department*

The Town Council and Police Department contend that they are not capable of being sued because "they are divisions of the Town of Sophia and not separate legal entities."   (Mot. to Dismiss at 3.)   They cite West Virginia Code § 29-12A-3 for the definitions of "municipalities" and "political subdivisions."   They then argue that "[t]he Town Council of Sophia is comprised of elected officials charged with governing the Town of Sophia, and the Sophia Police Department is merely an instrumentality of the Town of Sophia."   (*Id.*)

West Virginia Code § 29-12A-3 provides, as relevant:

> (b)   "Municipality" means any incorporated city, town or village and all institutions, agencies or instrumentalities of a municipality.
> (c)   "Political subdivision" means any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose

> jurisdiction is coextensive with one or more counties, cities or
> towns…

W. Va. Code § 29-12A-3(b)-(c).  West Virginia law also specifically provides that municipal police departments are "subject to the authority, control and discipline" of the municipality. W.Va. Code § 8-14-1.  The Court finds that the Town Council and the Police Department "exist only to serve the Town of Sophia and are, therefore, instrumentalities or extensions of the Town of Sophia."  *Polk v. Town of Sophia*, No. 5:13-CV-14224, 2013 WL 6195727, at *4 (S.D.W. Va. Nov. 27, 2013) (Berger, J.); *see also Tofi v. Napier*, No. 2:10-CV-01121, 2011 WL 3862118, at *4 (S.D.W. Va. Aug. 31, 2011) (Johnston, J.).  They are, therefore, not susceptible to the instant lawsuit.  Accordingly, the motion to dismiss all claims against the Town Council and the Police Department must be granted.

### B.  *Claims Against the Town of Sophia*

The remaining Defendants filed a joint motion seeking to dismiss certain claims against each party.  The Town of Sophia seeks to dismiss the claims for violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, brought pursuant to 42 U.S.C. § 1983, as well as the claims for the tort of outrage, negligent/reckless infliction of emotional distress, and excessive battery.[2]  The Town of Sophia argues that it cannot be held vicariously liable for the alleged violation of the Plaintiff's constitutional rights under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  It asserts that the Plaintiff has failed to identify a policy or custom that caused his alleged injuries, but instead relies on Patrolman Issa's

---

2 The Court will address the motion to dismiss the Plaintiff's claim for punitive damages against both remaining defendants in a separate section.

employment with the Sophia Police Department.

The Town of Sophia further argues that West Virginia law immunizes towns from liability for the intentional torts of their employees.   It cites West Virginia Code § 29-12A-4(c)(2) for the proposition that "political subdivisions are only liable for the injuries allegedly caused by the negligence of their employees" and not for "intentional malfeasance."   (Def.s' Mem. in Supp. of Partial Mot. to Dismiss at 7–8) (citing *Mallamo v. Town of Rivesville*, 477 S.E.2d 525 (1996.)) Thus, the Town of Sophia asserts that the facts alleged do not support claims against it for the tort of outrage, intentional infliction of emotional distress,[3] or excessive battery, all of which require a showing that Patrolman Issa intended to harm the Plaintiff.

The Plaintiff responds that his claims suffice to allege a claim under § 1983.   He cites his allegation that the Town of Sophia, and its Police Department, failed to "properly train and supervise Defendant Patrolman Z. Issa in the proper establishment of policies, practices, procedures, and customs regarding arrests that result in the excessive use of force and the proper establishment of policies, practices, procedure, and customs concerning, among other things, the arrest, treatment, search and seizure, and due process rights of those individuals under arrest and in the custody and control of Sophia Police officers."   (Pl.'s Resp. at 4, citing Compl. ¶ 7.)   He further points to "several recent lawsuits" against the Town of Sophia with respect to its police department[4] to show that the Town of Sophia knew that there were problems within the department, but failed to act.

He argues that his claim for negligent/reckless infliction of emotional distress is sufficient

---

3 The Defendants construed the Plaintiff's emotional distress claim as one for intentional, rather than negligent, infliction of emotional distress, because the Plaintiff has not alleged the specific type of fact pattern required for a negligent infliction of emotional distress claim.

4 The prior lawsuits appear to have been raised for the first time in the Plaintiff's response.

because he has pled facts to support both negligent and intentional infliction of emotional distress. Therefore, he argues, the claim should be permitted to proceed against all Defendants.   He contends that the Town of Sophia is not immune from any of his claims because "there are several legal theories presented," including a claim for negligence.   (Pl.'s Resp. at 6.)

The Court finds that the Plaintiff's claims pursuant to 42 U.S.C. § 1983 must be dismissed as to the Town of Sophia.   42 U.S.C. § 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury.   *Monell*, 436 U.S. at 694.

Further, "[i]n a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer.   Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.   *See also Iqbal*, 556 U.S. at 693, (Souter, J., dissenting) (stating that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely.")

Although the Plaintiff alleges that the Town of Sophia did not adequately train and supervise Patrolman Issa, he does not cite specific deficiencies in the training or supervision that

could support a finding that the Town's policies or customs caused or contributed to his alleged injuries.   The existence of similar lawsuits alone would not suffice, and cannot be considered in any event because it was not alleged in the complaint.   Thus, Count Six must be dismissed as to the Town of Sophia.[5]

Despite West Virginia case law favoring liability, the Plaintiff's state law claims against the Town of Sophia for the tort of outrage, excessive battery,[6] and negligent/reckless infliction of emotional distress must be dismissed.   *See* Syl. Pt. 2, *Marlin v. Bill Rich Const., Inc.*, 198 W. Va. 635 (1996).   West Virginia Code, Section 29-12A-4(b)(1), states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee…" except as otherwise provided.   Section 29-12A-4(c)(2) provides that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment," with certain exceptions.

Section 29-12A-5(a)(5) states that a political subdivision is immune from liability if a loss or claim results from ". . . the method of providing police, law enforcement or fire protection." The Supreme Court of Appeals of West Virginia held that this phrase refers to "the decision-making or the planning process in developing a governmental policy, including how that policy is to be performed."   Syl. Pt. 4, *Smith v. Burdette*, 566 S.E.2d 614 (W. Va. 2002).

---

5 The parties did not address the claims against Patrolman Issa in his official capacity.   The United States Supreme Court has explained that "[s]uits against state officials in their official capacity…should be treated as suits against the State."   *Hafer v. Melo*, 502 U.S. 21, 25 (1991).   Therefore, the Court's rulings with respect to the Town of Sophia are equally applicable to Patrolman Issa in his official capacity.

6 The Court notes that the Plaintiff's claim for "excessive battery" could be construed as an excessive force claim under the Fourth Amendment.   However, because the complaint includes a separate count for claims brought pursuant to 42 U.S.C. § 1983, the Court has considered Count Two under state law principles.   The reasoning used above with respect to § 1983 claims applies to the allegations contained in Count Two, to the extent Count Two is a § 1983 claim.

However, it "does not provide immunity to a political subdivision for the negligent acts of the political subdivision's employee performing acts in furtherance of a method of providing police, law enforcement or fire protection." *Id.* at Syl. Pt. 5. Further, West Virginia Code Section 29-12A-5 states that an employee of a political subdivision is immune from liability unless "(1) [h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) [h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) [l]iability is expressly imposed upon the employee by a provision of this code."

Therefore, any state law claims that require intentional conduct, as opposed to negligence, must be dismissed as to the Town of Sophia. The Plaintiff attempts to argue that his claims could rest on a legal theory of negligence. However, he has not alleged facts that support a claim of negligent infliction of emotional distress. Negligent infliction of emotional distress claims involve "a plaintiff [who] experience[s] serious emotional distress, after the plaintiff witnesses a person closely related to the plaintiff suffer critical injury or death as a result of the defendant's negligent conduct." Syl. Pt. 1, *Heldreth v. Marrs*, 425 S.E.2d 157, 158 (W.Va. 1992). To the extent the Plaintiff is presenting a claim for negligent infliction of emotional distress, it must be dismissed. The tort of outrage and excessive battery claims require a showing of intentional conduct as an element, and so cannot rest on a theory of negligence. Thus, the Town of Sophia's motion to dismiss as to Counts One, Two, and Four must be granted.

### C.  Punitive Damages

The Defendants contend that West Virginia law immunizes municipalities and their employees from punitive damages. The Plaintiff responds by arguing that qualified immunity is

not available to the Defendants because Patrolman Issa's conduct was in violation of clearly defined constitutional standards.   In addition, he asserts that the West Virginia statute barring punitive damages does not apply to claims for negligent performance because it only bars such damages "for occurrences related to a[n] 'act or omission.'"   (Pl.'s Resp. at 13.)

West Virginia Code Section 29-12A-7 provides, in relevant part, that

> in an action against a political subdivision or its employee to recover damages for injury, death, or loss to persons or property for injury, death, or loss to persons or property caused by an act or omission of such political subdivision or employee:
>
> (a) . . . an award of punitive or exemplary damages against such political subdivision is prohibited.

Plaintiffs pursuing negligence claims must show that their damages were cause by the defendant's act or omission.   Thus, punitive damages are unavailable for the Plaintiff's state law claims against the Town of Sophia.   However, the statutory text bars punitive damages only "against such political subdivision."   Therefore, the motion to dismiss the Plaintiff's punitive damages claim against Patrolman Issa in his individual capacity must be denied.

With respect to the Plaintiff's federal § 1983 claims, the United States Supreme Court has held that municipalities are immune from punitive damages.   *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).   Again, however, the prohibition on punitive damages does not extend to officials sued in their individual capacities.   Accordingly, the Plaintiff's claim for punitive damages must be dismissed against the Town of Sophia, but may continue as to Patrolman Issa in his individual capacity.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Defendants' Objection to and Motion to Strike Plaintiff's Untimely Memorandum in Opposition to Motion to Dismiss all Claims Against the Town Council of Sophia and Sophia Police Department, or in the Alternative, Defendants' Reply in Support of Motion to Dismiss* (Document 12) be **GRANTED** and that the *Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss All Claims Against the Town Council of Sophia and Sophia Police Department* (Document 10) be **STRICKEN AS UNTIMELY**.  The Court further **ORDERS** that the *Motion to Dismiss All Claims Against Town Council of Sophia and Sophia Police Department* (Document 5) be **GRANTED** and that the Plaintiff's claims against the Town Council of Sophia and the Sophia Police Department be **DISMISSED**.

The Court **ORDERS** that the Defendants' *Motion to Dismiss Certain Claims Against the Town of Sophia and Patrolman Z. Issa* (Document 8) be **GRANTED IN PART and DENIED IN PART**.  Specifically, the Court **ORDERS** that Counts One, Two, Four, and Six be **DISMISSED** as to Defendant Town of Sophia.  The Court **ORDERS** that the Plaintiff's claim for punitive damages be **DISMISSED** against Defendant Town of Sophia.  The Court **ORDERS** that the motion to dismiss the claim for punitive damages against Patrolman Issa be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 5, 2015

*Irene C. Berger*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

13